IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIEP VAN NGUYEN, | ) | |
| Petitioner, | ) | Civil Action No. 13-238 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Cathy Bissoon |
| BOBBY L. MEEKS, | ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

**II.    REPORT**

Petitioner, Diep Van Nguyen, is a federal inmate incarcerated at the Federal Correctional Institution at McKean. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 5] in which he challenges the legality of the sentence imposed upon him in 2008 by the U.S. District Court for the District of Massachusetts.

   **A.     Relevant Background**

On February 22, 2008, Petitioner pleaded guilty before the U.S. District Court for the District of Massachusetts (hereinafter the "sentencing court") in the case of United States v. Van Nguyen, No. 07-cr-10050 to the following three counts: (1) Distribution of methylenedioxymethamphetamine, commonly known as "MDMA" and/or "ecstasy," in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(viii); (2) Conspiracy to Distribute and Possess with Intent to Distribute MDMA, in

1

violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B)(viii); and, (3) Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

The sentencing court sentenced Petitioner on September 24, 2008. The Armed Career Criminal Act ("ACCA") imposes a 15-year mandatory minimum sentence on a person convicted of being a felon in possession of a firearm if that person has three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony," in relevant part, as a crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i). Because Petitioner had been convicted of three predicate offenses, he qualified for the enhancement under the ACCA. Two of those predicate offenses were state convictions for assault/battery and resisting arrest. The court sentenced him to a term of 226 months' imprisonment.

Petitioner did not appeal his judgment of sentence. On or around December 9, 2013, he filed in the sentencing court his first motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Relying on the U.S. Supreme Court's recent decision in Alleyne v. United States, — U.S. — , 133 S.Ct. 2151 (2013), Petitioner argues in that motion that the court violated his Sixth Amendment right to a jury trial by imposing a mandatory minimum sentence of 15 years pursuant to 18 U.S.C. § 924(e)(1), based on facts neither pled to by him, nor found by a jury beyond a reasonable doubt. That motion is pending before the sentencing court.

In the meantime, about a month earlier Petitioner, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania, filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 5. See also Memorandum, ECF No. 6]. He alleges that his state convictions for assault/battery and resisting arrest do not qualify as crimes of violence under the ACCA. In support, he relies upon Begay v. United States, 553 U.S. 137 (2008), which the Supreme

2

Court decided approximately <u>five</u> months before the sentencing court imposed his sentence. In <u>Begay</u>, the Court held that a DUI conviction under New Mexico law did not fall within the definition of a "violent felony" under the ACCA since violent felonies were limited to offenses which "typically involve purposeful, violent, and aggressive conduct." 553 U.S. at 144-45 (citations omitted). Petitioner also relies upon <u>Johnson v. United States</u>, 559 U.S. 133 (2010). In that case, the Supreme Court interpreted the phrase "physical force" in the ACCA to mean "violent force – that is, force capable of causing physical pain or injury to another person." <u>Johnson</u>, 559 U.S. at 140.

Respondent has filed his Answer [ECF No. 11] in which he contends that the petition must be dismissed for lack of subject matter jurisdiction. Petitioner did not file a Reply.

**B. Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" <u>Cardona v. Bledsoe</u>, 681 F.3d 533, 535 (3d Cir. 2012) (quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[1] <u>Id.</u> "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." <u>McGee v. Martinez</u>, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"

---

[1] Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, but rather a motion to set aside, vacate or correct a sentence, it may afford the same relief, and is habeas corpus' practical substitute for federal prisoners. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>Kaufman v. United States</u>, 394 U.S. 217, 221-22 (1969).

3

In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 prohibits district courts from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause," "safety valve," or "safety hatch."

The claim that Petitioner is raising in his § 2241 petition before this Court is precisely the type that must be brought in a § 2255 motion before his sentencing court. Thus, the question before this Court is whether § 2255's remedy is "inadequate or ineffective to test the legality of his detention[,]" 28 U.S.C. § 2255(e), thereby allowing him to utilize § 2241. It is Petitioner's burden to establish that the remedy under § 2255 is inadequate or ineffective. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). He has not met the requisite burden.

First, Petitioner has a § 2255 action pending by the sentencing court at this time. He has not explained why he did not bring the claim he is raising in the instant § 2241 petition in the § 2255 motion he filed with that court. For that reason alone he has failed to demonstrate that § 2255's remedy is "inadequate or ineffective to test the legality of his detention[,]" 28 U.S.C. § 2255(e).

Second, it is only the extraordinarily rare § 2241 case that falls within § 2255's savings clause, and this case is not one of them. In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the

U.S. Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 in 1996 to include a one-year statute of limitations and the prohibition against the filing of second or successive motions. Importantly, in that case the Court of Appeals for the Third Circuit stressed that § 2255's remedy *is not* "inadequate or ineffective" solely because the petitioner cannot meet the stringent requirements of AEDPA. Although, the court in Dorsainvil concluded that the circumstance presented in that case was the rare one in which a federal prisoner could challenge the validity of his conviction under § 2241, it expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.

Dorsainvil, 119 F.3d at 251. See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the §2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he

5

did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Court of Appeals for the Third Circuit for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion.[2] It concluded, however, that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255*." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

---

[2] Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law* . . . that was previously unavailable[.]" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."
>
> There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

Petitioner contends that this case falls within § 2255's "savings clause" because, just as Bailey rendered Dorsainvil potentially actually innocent of violating § 924(c)(1), Petitioner is actually innocent of the ACCA enhancement since the Supreme Court in Begay and Johnson "has now clarified the original intent of 18 U.S.C. § 924(e)." [ECF No. 6 at 37].

Petitioner's argument is without merit. Begay was decided before the sentencing court imposed his sentence. Therefore, the time for Petitioner to challenge his designation under the ACCA in light of the Supreme Court's decision in Begay was at his sentencing and then, if need be, on direct appeal.

In addition, the Court of Appeals for the Third Circuit has excluded from the ambit of Dorsainvil the type of sentencing-related claim that Petitioner is making in this case. In Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), the petitioner argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding in Apprendi because the judge increased his

sentence on the basis of drug quantity not found by a jury. The Court of Appeals for the Third Circuit rejected his argument, holding:

> Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.
>
> The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).
>
> - - -
>
> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi *dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal*. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Id. at 121 (emphasis added).

In the recent non-precedential decision of McIntosh v. Shartle, 526 F.App'x 150 (3d Cir. 2013) (per curiam), the Court of Appeals for the Third Circuit relied on its holding in Okereke to reject the petitioner's argument that the decision in Begay permitted him to utilize § 2255's savings clause so that he could challenge the sentenced imposed upon him under the ACCA. The court held:

> McIntosh has not shown that a § 2255 motion would be inadequate or ineffective…. [He] is challenging his designation as a career offender. Thus, he does not fall within the

exception created in Dorsainvil and may not proceed under § 2241. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding that a petitioner is barred from proceeding under § 2241 because his argument was based on sentencing and did not render the crime he was convicted of not criminal).

McIntosh, 526 F.App'x at 152.

In accordance with Okereke and McIntosh, this Court must conclude that Petitioner's claim does not fall within the narrow "savings clause" exception set forth in Dorsainvil.[3] Because this case does not present the rare situation rendering § 2255 inadequate or ineffective, this Court does not have jurisdiction and the petition should be dismissed.

### C. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, the Court should make no certificate of appealability determination in this matter.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file

---

[3] The Court recognizes that Dorsainvil does not answer the question of whether the circumstance the Court of Appeals for the Third Circuit confronted in that case is the *only* situation in which a petitioner may be able to establish the adequacy or ineffectiveness of § 2255's remedy. 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable."). However, it is as of this date the only circumstance recognized by the Court of Appeals for the Third Circuit since the enactment of AEDPA, and there is nothing about Petitioner's case that justifies recognizing any exception in addition to the narrow rule in Dorainvil.

9

objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                <u>/s/ Susan Paradise Baxter</u>  
                                SUSAN PARADISE BAXTER  
                                United States Magistrate Judge

Dated:   July 7, 2014

cc:      The Honorable Cathy Bissoon  
         United States District Judge